OPINION
Alexander Brewer is appealing his conviction for possession of drug paraphernalia, a violation of Section 2925.14 of the Ohio Revised Code, in the Municipal Court of Kettering, Ohio. One item of drug paraphernalia was discovered by the Kettering police in a "walk through" search of Brewer's apartment. Other items of drug paraphernalia were found in boxes in a closet in the apartment.
Brewer, represented by counsel, filed a motion to suppress all such evidence. After a hearing, the trial court did suppress evidence of all the items of drug paraphernalia except for the one item that was found in plain view. Brewer then pled no contest, was found guilty, and duly sentenced. The relevant facts and rationale of the trial court are set forth in the well-reasoned decision of the court, as follows:
 This matter came on for hearing on Defendant's Motion to Suppress requesting the Court suppress all physical evidence obtained as the result of an illegal search of the Defendant's residence, and further requesting the Court suppress any oral and/or written statements made by the Defendant.
 Kettering police officers Engles and Torok were dispatched to the Defendant's apartment to investigate possible domestic violence; a neighbor had called complaining of a male and female arguing in the subject residence. After a short delay the Defendant opened the door to his apartment. The officers advised him they were investigating a complaint. The Defendant responded he and his live-in girlfriend, Melanie Riley, had been arguing, but that she had left shortly before the officers' arrival. The officers noted some items strewn about the living room floor, which were consistent with items tossed about during a dispute.
 The officers requested admission into the Defendant's apartment to confirm the girlfriend had left. Here, the officers and Defendant have different recollection of what occurred. Officer Engles testified the Defendant stood aside to permit entry into the apartment, and gave his permission to look for the girlfriend. Officer Torok recalled his expressing concern about Ms. Riley. The Defendant agreed to permit a check of the apartment for Ms. Riley, and moved aside to permit entry. The Defendant testified the officers directed him to the hallway outside his apartment, where he was patted down. Officer Torok then went into the apartment, and looked into a closet adjacent to the apartment entrance. When the Defendant inquired why he was looking in the closet, the officer responded he could search anywhere a body could be found. The officer testified he did not recall making any such statement. The Defendant denied he gave permission or acquiesced to the search of his apartment.
The Court considering the appearance of each witness, their respective manner of testifying and reasonableness of the testimony, finds the prosecution has demonstrated by a preponderance of the evidence that the search of the Defendant's residence was conducted with the Defendant's consent. Athens v. Wolf (1974), 30 [sic — 38] Ohio St.2d 237.
The Defendant's consent to search must be voluntary. Schneckloth v. Bustamonte (1973) 412 U.S. 218. The voluntariness of the consent can be determined by considering six factors, no single factor of which is dispositive:
 "(1) the voluntariness of the Defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the Defendant's cooperation with the police; (4) the Defendant's awareness of his right to refuse to consent; (5) the Defendant's education and intelligence; and (6) the Defendant's belief that no incriminating evidence will be found."
United States v. Shabazz (C.A.5, 1993), 993 F.2d 431, 438; State v. Gutierrez (1996), Ohio App. Lexis 3079 (C.A. Medina Cty., 7-17-96).
The Court in applying the aforementioned test to this matter finds (1) the Defendant was not in the custody of the police, (2) there was no evidence of coerciveness by the police, (3) the Defendant was cooperative with the police, and was described as polite, (4) there was no evidence the Defendant was unaware of his right to refuse the search by the police, (5) the Defendant is taking post high school education classes, and his intelligence level appeared to be better than average, and (6) he held a belief no incriminating evidence would be found, he told the officers Ms. Riley had left prior to their arrival. The Court further finds the Defendant's consent to search was voluntary.
Officer Torok searched the Defendant's apartment for Ms. Riley. In doing so he viewed a bedroom closet "big enough to hold a body." Upon inspecting the closet he observed drug paraphernalia in the form of a bong (State's Exhibit "A") in plain view at about eye level. The officer found additional bongs, pipes, clips, rolling papers, and a scale (State's Exhibit "B") in boxes in the closet. The officer stated he merely "had to tip it (box) down" to view the items.
For the plain view doctrine to apply to permit a warrantless seizure, the police officer must not only be located in a place where the officer has a right to be, but the officer must also have lawful right or access to the object in plain view and its incriminating character must be immediately apparent. Horton v. California (1990), 496 U.S. 128.
In the matter sub judice, the officer observed the bong in plain view, and immediately recognized it as an object fitting the definition of drug paraphernalia. However, the remaining items seized consisting of additional bongs, pipes, clips, rolling papers, and a scale were not in plain view, but were initially observed in a box which the officer had to tip forward to view its contents. Although the Court did not receive testimony on the size of the boxes, it appears unlikely any of the boxes was of sufficient size to hold an adult human body.
The officers testified the Defendant was not given his Miranda warnings, and was not arrested — the Defendant was given a citation and summons.
The Court finds the Defendant's motion well taken as to the objects in State's Exhibit "B" (bongs, pipes, clips, rolling papers, and scale) and hereby orders the State may not use the same at any trial on this matter. The Court further finds the Defendant's Motion not well taken as to the bong in State's Exhibit "A", and his request the Court order the suppression of any statements he made, and hereby overrules the same.
The sole assignment of error presented by Brewer is that: "The trial court erred in concluding that the consent to search appellant's apartment was voluntarily given." It is clear from the decision of the trial court that a credibility call had to be made by the court between two distinctly conflicting versions of the entry of the police into Brewer's apartment: (1) that the consent to the entry was purely voluntarily given by Brewer (Tr. 6, 13-14); (2) Brewer testified that when he opened the door in response to loud demands by the police, he was pulled out into the hallway physically and searched by one officer while another one walked right into his apartment and began searching. (Tr. 33-36, 40-42). It is obvious from the court's decision that it credited the testimony of the police over that of Brewer, and it is settled law that credibility is for the trier of the facts. Here again is another classic case of the trial judge being forced to choose between two conflicting sets of testimony. We will not disturb the choice made by the trier of the facts between witnesses and their conflicting testimonies unless it is so incredible that it defies belief, and we do not find it that incredible here. City of Fairborn v. Boles (May 15, 1998), Greene App. No. 97 CA 110, unreported; City of Dayton v. Versic (Mar. 15, 1996), Montgomery App. No. 15223, unreported. We approve and adopt the opinion and decision of the trial court as our own.
The assignment of error is overruled, and the judgment is affirmed.
 ______________________ FREDERICK N. YOUNG, J.
FAIN, J. and GRADY, J., concur.